**SPO**
Jack P. Burden, Esq.
Nevada State Bar No. 6918
Dallin Knecht, Esq.
Nevada State Bar No. 16263
**BACKUS | BURDEN**
3050 South Durango Drive
Las Vegas, NV 89117
T: (702) 872-5555
F: (702) 872-5545
jburden@backuslaw.com
dallinknecht@backuslaw.com
*Attorneys for Defendant,*
*Albertson's LLC*

# UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

| | |
|---|---|
| LINDA SBLENDORIO, individually ) | Case No.  2:23-cv-00917-GMN-VCF |
| ) | |
| Plaintiff, ) | |
| vs.  ) | |
| ) | **STIPULATED PROTECTIVE ORDER** |
| ALBERTSON'S LLC, a Foreign ) | |
| Limited-Liability Company; DOES I-X; ) | |
| inclusive; and ROE CORPORATIONS I- ) | |
| X, inclusive ) | |
| ) | |
| Defendants | |

## STIPULATED PROTECTIVE ORDER

Defendant Albertson's LLC, (hereinafter "*Defendant*") seeks to disclose documents that may involve trade secrets, confidential research, proprietary materials, and development and/or commercial information belonging to Defendant.

Defendant will provide these documents for inspection, review, and copying only under a Protective Order upon the hereinafter stated terms and conditions.

All the parties are in agreement as to the terms of the said *Protective Order*; therefore:

**IT IS HEREBY ORDERED:**

1. Defendant will disclose documents that it designates "Confidential and Proprietary" (meaning they may involve trade secrets, confidential research, proprietary research, proprietary

materials and/or development and/or commercial information) to the parties to this suit and their attorneys, only pursuant to this Order and under the conditions that follow. With respect to said documents being designated as "Confidential and Proprietary," Defendant bears the burden of showing good cause why the document contains information which may be set forth in a log and/or set forth in Defendant's disclosure of documents. In designating information or items marked for protection under this Order, Defendant must take care to limit any such designation to specific material that qualifies under the appropriate standards.

2. These documents may include, but are not limited to, policies and procedures of Defendant, including its General Safety Policy, Procedures for Customer Injuries, Southwest Division Training Handbook, and others. These documents contain proprietary and confidential information pertaining to Defendant's training protocols.

3. Any and all of the aforesaid material disclosed by Defendant pursuant to this order and the contents thereof shall be maintained in confidence by counsel for Plaintiff. After their production, the aforesaid materials shall maintain protection and must fully comply with the provisions below.

4. Any and all of the aforesaid materials disclosed by Defendant and the contents thereof shall be used only in connection with the above-captioned matter and shall not be used for any other purpose whatsoever.

5. No person who examines any document produced pursuant to this Order shall disseminate orally, in writing, or by any other means, the document(s) of the information contained therein, to any other person not also authorized to examine documents under the terms of this order. Persons authorized to examine documents include counsel, counsel's staff, the parties, and experts.

6. Counsel for Plaintiff may permit Plaintiff or any expert(s) or consultant(s) hired by Plaintiff to review the documents subject to this Protective Order, but counsel for Plaintiff must first obtain from Plaintiff's said expert(s) and/or consultant(s) a written statement confirming their agreement to comply with every element of this Protective order. A copy of this Non-Disclosure Agreement is attached hereto at **Exhibit A**. Plaintiff and said experts shall agree that the documents and the contents thereof shall not be disclosed to any other person or entity and

said documents shall not be photocopied or reproduced by any means, except for use in association with this litigation. Any documents provided to experts or consultants must be returned to counsel for Defendant or destroyed within thirty (30) days of the conclusion of the above-captioned litigation pursuant to the terms of paragraph 9 below. Both consulting and testifying experts may review the documents in accordance with the terms of this paragraph, which paragraph does not alter the applicable disclosure requirements and/or privileges.

7. Notwithstanding the foregoing provisions, this Order shall be without prejudice to the right of any party to challenge the propriety of discovery on any grounds, including but not limited to, relevance, privilege, and materiality.

8. Notwithstanding the foregoing provisions, this Order shall not restrict in any manner the right of any party to offer or use as evidence at the trial of this action any of the documents subject to this Protective Order, and nothing contained herein shall be construed as a waiver of any objection which might be raised as to the admissibility of any evidentiary material.

9. If a party challenges the designation of any disclosure marked "Confidential and Proprietary" pursuant to this Protective Order, the challenging party shall provide the designating party written notice of any such challenge and shall identify in such notice the bates number of the documents and/or the deposition transcript at issue. The parties shall make good faith efforts to resolve the dispute. The party defending the designation shall have the burden to demonstrate to the Court that the designation is proper under this Protective Order. If an agreement is not reached, counsel for the designating party will file a motion to preserve the confidentiality designation. The burden of proof to demonstrate confidential treatment of any information at all times remains with the designating party. The confidential information in controversy shall not be disclosed or declassified until required by the Court upon written order, or as agreed in writing by the party who designated the information. If the Court determines that the designation or challenge to such designation was made in bad faith, it may award sanctions.

10. Upon written request made within thirty (30) days after the conclusion of this lawsuit by settlement, a jury verdict, nonsuit, dismissal by judicial order or otherwise, all Defendant's materials and documents, including any and all copies, or renditions made from the materials,

must be returned to counsel for Defendant or destroyed within thirty (30) days of the conclusion of the above captioned litigation.

11. The parties shall separately confer regarding the use of Confidential Material at trial and at any hearing, and to the extent an agreement cannot be reached, the Court shall intervene. A party seeking to file a confidential document, with any appropriate redactions, under seal must file a motion to seal and must comply with the Ninth Circuit's directives in *Kamakana v. City of Honolulu*, 447 F.3d 1172 (9th Cir. 2006) and *Pintos v. Pacific Creditors Association*, 605 F.3d 665, 678 (9th Cir. 2010). Documents must be filed under seal using the Court's electronic filing procedures. *See* Local Rule IA 10-5. Papers filed with the Court under seal must be accompanied with a concurrently filed motion for leave to file those documents under seal. *See* Local Rule IA 10-5(a).

12. The parties understand that the Court will maintain the Confidential Material it receives pursuant to paragraph 9 above under seal in accordance with the local and governing laws and rules.

13. A breach of the terms of this Order shall entitle counsel for Defendants to appropriate sanctions, including but not limited to attorney's fees and costs incurred in the enforcement of this Order.

**IT IS SO STIPULATED** and agreed as to the terms and conditions of this Protective Order

DATED: October 18, 2023                                          DATED: October 18, 2023

/s/    Eric Marshall_____                                     /s/ Dallin Knecht_____
Eric Marhsall, Esq.                                              Jack P. Burden, Esq.
3333 E. Serene Ave, Suite 120                                    Dallin Knecht, Esq.
Henderson, NV 89074                                              Backus | Burden
Attorney for Plaintiff                                           3050 S. Durango Dr.
                                                                 Las Vegas, Nevada 89117
                                                                 Attorneys for Defendant

_____
United States ~~District Court~~ Judge
             Magistrate

Dated this 19th day of October 2023

4