**COMP**
Eric Marshall, Esq.
Nevada Bar No. 8847
MARSHALL INJURY LAW
3333 East Serene Avenue, Suite 120
Henderson, Nevada 89074
Telephone: (702) 489-5700
Facsimile: (702) 446-0092
*Attorney for Plaintiff*

**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| LINDA SBLENDORIO, individually, <br><br> Plaintiff, <br><br> vs. <br><br> ALBERTSONS, LLC., a Foreign Limited-Liability Company, DOES I-X, inclusive and ROE CORPORATIONS I-X, inclusive. <br><br> Defendants. | Case Number:   2:23-CV-00917-GMN-VCF <br><br> **AMENDED COMPLAINT** |

Plaintiff LINDA SBLENDORIO, by and through her attorney, Eric Marshall, Esq., of the law firm of Marshall Injury Law, amends her Complaint pursuant to FRCP 15(a)(2) to bring her causes of action against the Defendant complains and alleges as follows:

**COMPLAINT**

1. That at all times relevant hereto, LINDA SBLENDORIO was, and is, a resident of the Clark County, Nevada.

2. At all times relevant to its involvement in this matter, Defendant, ALBERTSONS, LLC., was and is a foreign limited-liability company duly organized and existing under the laws of the State of Nevada, authorized to do business and doing business in Clark County, Nevada.

3. Plaintiff is unaware of the true names and capacities whether individuals,

corporation, associates, or otherwise of Defendants DOES I through X and ROE Corporations I through X, inclusive, and therefore sues these Defendants by such fictitious names. Plaintiff is informed and believes and thereupon alleges that the Defendants, and each of them, are in some manner responsible and liable for the acts and damages alleged in this Complaint. Plaintiff will seek leave of this Court to amend this Complaint to allege the true names and capacities of the DOES and ROE CORPORATIONS Defendants when the true names of the DOES and ROE CORPORATIONS Defendants are ascertained.

4. That at all times pertinent, Defendants and each of them were agents, servants, employees or joint ventures of every other Defendant herein, and at all times mentioned herein were acting within the scope and course of said agency, employment, or joint venture, with knowledge and permission and consent of all other named Defendants.

5. Upon information and belief, ALBERTSONS, LLC., owns, occupies, operates, controls, and manages certain real property commonly known Albertsons, located 201 S. Stephanie St., Henderson, NV 89012, (*the "Premises"*).

6. Upon information and belief, at all times mentioned herein, ALBERTSONS, LLC., was and is the tenant, operator and/or occupants of the Premises.

7. On or about the 10th of February 2022, Plaintiff, LINDA SBLENDORIO, was an invitee on the Premises.

8. On that date, Plaintiff was injured when she was putting her shopping cart away in the return corral. Her foot became stuck in a bowed metal piece of the cart corral. This caused her to fall. (hereafter referred to as the "dangerous condition").

9. Upon information and belief, the dangerous condition was caused as a direct result of the Defendant's failure to maintain the Premises in a reasonable and safe manner.

10. Defendants maintained and were in control of the Premises.

11. Defendants knew, or reasonably should have known, that dangerous conditions existed on or about the Premises.

12. Defendants failed to place signs, caution, warn, or otherwise make safe, the dangerous condition existing on or about the Premises. Accordingly, Defendants negligently, carelessly, and recklessly maintained and allowed the dangerous condition to exist.

13. Defendants should have warned or otherwise made safe the dangerous condition because that condition was non-obvious to Plaintiff.

14. Multiple prior times similar incidents to the dangerous condition have occurred on Defendant's property.

## CAUSES OF ACTION

### NEGLIGENCE

15. Plaintiff incorporates paragraphs 1 through 14 of the Complaint as if those paragraphs were fully incorporated herein.

16. Defendants owed Plaintiff a duty of care to prevent or warn Plaintiff of the dangerous condition.

17. Defendants breached this duty of care by allowing the dangerous condition to exist and then failing to place caution signs, or otherwise failing to warn Plaintiff of the dangerous condition.

18. Defendants' negligence directly and proximately caused Plaintiff serious injury.

19. As a direct and proximate result of Defendants' negligence, Plaintiff received medical and other treatments for injuries sustained to body, limbs, organs and nervous systems, all or some of which conditions may be permanent and disabling and, all to Plaintiff's damage in

a sum in excess of $15,000.00. That said services, care, and treatment are continuing and shall continue in the future.

20. As a direct and proximate result of Defendants' negligence, Plaintiff has been required to and has limited certain occupational and recreational activities, which have caused, and shall continue to cause, loss of earning capacity, lost wages, and loss of enjoyment of life.

21. Plaintiff has been required to engage the services of an attorney, incurring attorney's fees and costs to bring this action.

### Res Ipsa Loquitur

22. Plaintiff incorporates paragraphs 1 through 21 of the Complaint as if those paragraphs were fully incorporated herein.

23. Upon information and belief, Plaintiff's trip and fall on the dangerous condition of the Defendant's premises is the type and kind of event that does not occur in the absence of someone's negligence.

24. Upon information and belief, Defendant's held exclusive ownership and/or control over all instrumentalities and circumstances involved with the resulting dangerous condition that caused injury to the Plaintiff.

25. The type of negligence causing Plaintiff's injuries from the dangerous condition falls within the scope of the Defendant's duties owed to the Plaintiff.

26. Plaintiff did not voluntarily act in such a manner as to contribute to the dangerous condition or to act in such a manner as to contribute to her own injuries.

. . .

. . .

. . .

**Negligent Training and Supervision**

27. Plaintiff incorporates paragraphs 1 through 26 of the Complaint as if those paragraphs were fully incorporated herein.

28. Defendant owed a duty of care to Plaintiff to use reasonable care in training and supervising individuals hired to perform the maintenance, inspection, cleaning and/or repair of the dangerous condition on Defendant's property.

29. Defendant knew or should have known that Doe Employee was unfit to adequately perform the maintenance, inspection, and/or repair of the dangerous condition on Defendant's property on February 10, 2022.

30. Defendant created or fostered a working environment that prevented employees to adequately perform the maintenance, inspection, and/or repair of the dangerous condition on Defendant's property on February 10, 2022.

31. As a proximate result of Defendant's breach of its duty, Doe Employee caused the subject incident Plaintiff complains of herein causing her injuries.

. . .

. . .

. . .

. . .

. . .

. . .

. . .

. . .

. . .

WHEREFORE, Plaintiff expressly reserve the right to amend this Complaint prior to or at the time of trial of this action, to insert those items of damage not yet fully ascertainable, prays judgment against the Defendants, and each of them, as follows:

a. For a sum in excess of $15,000.00 for past medical treatment;

b. For a sum in excess of $15,000.00 for future medical treatment;

c. For a sum in excess of $15,000.00 for past and future pain, suffering, anxiety, and general damages;

d. For a sum in excess of $15,000.00 for past and future loss of income;

e. For reasonable attorney's fees and costs of suit;

f. For such other and further relief as the Court may deem just and proper.

DATED this __9th__ day of November 2023.

**MARSHALL INJURY LAW**

 /s/ Eric Marshall
Eric Marshall, Esq.
Nevada Bar No. 8847
MARSHALL INJURY LAW
3333 East Serene Avenue, Suite 120
Henderson, Nevada 89074
Telephone: (702) 489-5700
Facsimile: (702) 446-0092
*Attorney for Plaintiff*

# CERTIFICATE OF SERVICE

**Document: PLAINTIFF'S AMENDED COMPLAINT**

I hereby certify that I caused service of a true and correct copy of the above-referenced document to be made through by U.S. Mail and/or email, upon the following:

JACK P. BURDEN, ESQ.
Nevada State Bar No. 6918
**BACKUS BURDEN**
3050 South Durango Drive
Las Vegas, Nevada 89117
*Attorney for Defendant*

DATED: November __9th__, 2023.

                                               _/s/ Brianna White_
                                               An Employee of MARSHALL INJURY LAW